**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 21-1512**

—————————

JOHN CLINTON MCCLAIN, III,

Plaintiff - Appellant,

v.

LYNCHBURG CITY SCHOOLS / LYNCHBURG CITY SCHOOL BOARD,

Defendant - Appellee.

—————————

Appeal from the United States District Court for the Western District of Virginia, at Lynchburg.  Norman K. Moon, Senior District Judge.  (6:19-cv-00011-NKM-RSB)

—————————

Submitted:  May 30, 2023                              Decided:  June 23, 2023

—————————

Before NIEMEYER and RICHARDSON, Circuit Judges, and KEENAN, Senior Circuit Judge.

—————————

Affirmed by unpublished per curiam opinion.

—————————

**ON BRIEF:** Thomas E. Strelka, Monica L. Mroz, STRELKA EMPLOYMENT LAW, Roanoke, Virginia, for Appellant.  Micah B. Schwartz, Robert C. Wood, Charlottesville, Virginia, Katherine E. Lehnen, MCGUIREWOODS LLP, Richmond, Virginia, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Clinton McClain, III, appeals the district court's order granting summary judgment to his former employer, Lynchburg City Schools ("LCS"), on his claim that LCS retaliated against him for opposing racial discrimination, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e to 2000e-17 (Title VII), and 42 U.S.C. § 1981. We "review the district court's grant of summary judgment de novo, applying the same legal standards as the district court and viewing the facts and inferences drawn from the facts in the light most favorable to the nonmoving party." *Perkins v. Int'l Paper Co.*, 936 F.3d 196, 205 (4th Cir. 2019) (cleaned up).

Absent direct evidence of retaliation, a plaintiff must prove his claim through the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 281 (4th Cir. 2015) (en banc) (recognizing Title VII and § 1981 claims are governed by the same standard). To establish a prima facie case of retaliation under the *McDonnell Douglas* framework, a plaintiff must show that "(1) [he] engaged in a protected activity, (2) the employer acted adversely against [him], and (3) there was a causal connection between the protected activity and the asserted adverse action." *Walton v. Harker*, 33 F.4th 165, 177 (4th Cir. 2022) (internal quotation marks omitted). Once a plaintiff establishes his prima facie case, the burden shifts to his "employer to demonstrate that its purportedly retaliatory action was in fact the result of a legitimate non-retaliatory reason." *Sempowich v. Tactile Sys. Tech., Inc.*, 19 F.4th 643, 653-54 (4th Cir. 2021) (internal quotation marks omitted). If the employer meets this burden, "the burden shifts back to the plaintiff to show that the

employer's purported nonretaliatory reasons were not its true reasons, but were a pretext for discrimination." *Id.* at 654 (internal quotation marks omitted).

Applying these standards, we have reviewed the record and find no reversible error. Accordingly, we affirm the district court's order. *McClain v. Lynchburg City Schs.*, No. 6:19-cv-00011-NKM-RSB (W.D. Va. Mar. 31, 2021). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*